UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MIGUEL MARTINEZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STATE OF NEVADA ex rel, NEVADA DEPARTMENT OF CORRECTIONS et al.,<br><br>　　　　Defendants. | Case No.  2:15-cv-1124-RFB-PAL<br><br>SCREENING ORDER |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*, a motion for preliminary injunction, and a motion to extend prison work copy limit.  (ECF No. 1, 1-1, 2, 3).  The matter of the filing fee shall be temporarily deferred.  The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.      SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed.  *Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,

because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1-1 at 1). Plaintiff sues Defendants NDOC, HDSP, Director James G. Cox, Warden D.W. Neven, Assistant Warden Jerry Howell, and Jane/John Does. (*Id.* at 2-3). Plaintiff alleges one count and seeks monetary damages. (*Id.* at 5, 15).

The complaint alleges the following: Prior to incarceration, Plaintiff had been shot several times. (*Id.* at 5). UMC doctors saved Plaintiff's life and Plaintiff now wears an ileostomy/colostomy bag. (*Id.*) Plaintiff spoke to his doctors numerous times about repairing and reversing the ileostomy/colostomy bag situation. (*Id.*) When Plaintiff arrived at HDSP on April 7, 2014, Plaintiff told prison medical personnel that his ileostomy/colostomy needed to be repaired or reversed. (*Id.*) Prison officials told Plaintiff to kite HDSP medical to seek approval from the medical director. (*Id.*) Plaintiff kept getting the run around. (*Id.*) Plaintiff initiated the grievance process. (*Id.*)

1  From November 26, 2014 through December 3, 2014, prison officials had to admit Plaintiff to the HDSP prison hospital for an infection to his stomach, the site of his ileostomy/colostomy. (*Id.*)  Plaintiff had been trying to avoid an infection in that area and had been trying to seek approval from prison officials to transport him to UMC to have the ileostomy/colostomy repaired or reversed. (*Id.* at 6).  Prison officials had to isolate Plaintiff and then administer him strong antibiotics and narcotic pain medication, oxycodone, because Plaintiff could not withstand the pain. (*Id.*)  The UMC doctors had warned Plaintiff that an infection to his stomach could kill him. (*Id.*)

After getting out of the prison hospital, Plaintiff continued the grievance process but the grievance coordinators repeatedly told Plaintiff that he was submitting incorrect paperwork and denied his grievances. (*Id.* at 6-7).  On March 1, 2015, Plaintiff wrote to each of the HDSP wardens to seek approval to be transported to UMC to have his ileostomy/colostomy bag repaired or reversed. (*Id.* at 7).  Plaintiff has filed "numerous emergency grievances" for (1) not getting the necessary medical supplies to properly care for his ileostomy/colostomy; (2) medical staff cancelling his appointments and forcing Plaintiff to go without pain medication; and (3) medical staff refusing to pick up the biohazard bag when Plaintiff changes his ileostomy/colostomy bag. (*Id.* at 8).  Plaintiff alleges a violation of his Eighth and Fourteenth Amendment rights. (*Id.* at 5).

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury

1  or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.
2  2006) (internal quotations omitted).  To satisfy the deliberate indifference prong, a plaintiff must
3  show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and
4  (b) harm caused by the indifference." *Id*.  "Indifference may appear when prison officials deny,
5  delay or intentionally interfere with medical treatment, or it may be shown by the way in which
6  prison physicians provide medical care." *Id*. (internal quotations omitted).  When a prisoner
7  alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show
8  that the delay led to further injury.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766
9  F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient
10 to state a claim of deliberate medical indifference").

11        A difference of opinion between medical professionals concerning the appropriate course
12 of treatment generally does not amount to deliberate indifference to serious medical needs.
13 *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  Additionally, "[a] difference of opinion
14 between a prisoner-patient and prison medical authorities regarding treatment does not give rise
15 to a § 1983 claim."  *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir.
16 1981).  To establish that a difference of opinion amounted to deliberate indifference, the prisoner
17 "must show that the course of treatment the doctors chose was medically unacceptable under the
18 circumstances" and "that they chose this course in conscious disregard of an excessive risk to
19 [the prisoner's] health."  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

20        The Court finds that Plaintiff fails to state an Eighth Amendment claim at this time.  The
21 Court finds that Plaintiff's allegations are vague regarding his need or desire to have his
22 ileostomy/colostomy bag repaired or reversed.  Based on the allegations, it is unclear whether the
23 UMC doctors thought Plaintiff should have the bag repaired or reversed and whether HDSP
24 prison doctors thought otherwise.  As noted above, a difference of opinion between medical
25 professionals does not generally amount to deliberate indifference.  Moreover, Plaintiff's
26 disagreement with HDSP doctors on this topic also does not amount to deliberate indifference.
27 Additionally, with respect to pain treatment, it is unclear whether prison officials were
28 deliberately indifferent to Plaintiff's pain needs because Plaintiff vaguely states that he filed

"numerous emergency grievances" for not getting the necessary medical supplies and for the medical staff cancelling his appointments and forcing Plaintiff to go without pain medication. Plaintiff does not provide enough specific allegations for the Court to determine whether these actions were purposeful. The Court dismisses this count without prejudice, with leave to amend.

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint." Upon amendment, the Court directs Plaintiff to follow the directions in the form complaint and "[s]tate the facts clearly, in your own words . . . describe exactly what each specific defendant (by name) did to violate your rights."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, the Court will dismiss this action without prejudice.

### III. MOTION FOR PRELIMINARY INJUNCTION

In the motion for preliminary injunction, Plaintiff seeks injunctive relief based on the allegations stated in his complaint. (ECF No. 2).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,

1  that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of
2  equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns,*
3  *Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).
4  Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief
5  must be "narrowly drawn," must "extend no further than necessary to correct the harm," and
6  must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

7  The Court denies Plaintiff's motion for preliminary injunction. Plaintiff is unable to
8  establish that he is likely to succeed on the merits as he has failed to state a sufficient claim for
9  deliberate indifference to serious medical needs in his complaint. As such, the Court denies this
10 motion.

11 **IV.    MOTION TO EXTEND PRISON COPY WORK LIMIT**

12 Plaintiff has filed a motion to extend his copy work limit. (ECF No. 3). An inmate has
13 no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir.
14 1991). Pursuant to NDOC administrative regulation 722.01(7)(D), inmates "can only accrue a
15 maximum of $100 debt for copy work expenses for all cases, not per case." In this district,
16 courts have found that they can order a prison to provide limited photocopying when it is
17 necessary for an inmate to provide copies to the court and other parties. *See Allen v. Clark Cnty.*
18 *Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011). In this case, the
19 Court denies Plaintiff's request to extend his copy work account limit.

20 **V.    CONCLUSION**

21 For the foregoing reasons, **IT IS ORDERED** that a decision on the application to
22 proceed *in forma pauperis* (ECF No. 1) is deferred.

23 **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the complaint (ECF
24 No. 1).

25 **IT IS FURTHER ORDERED** that the complaint is dismissed in its entirety, without
26 prejudice, with leave to amend.

27 **IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint
28 curing the deficiencies of his complaint, as outlined in this order, Plaintiff shall file the amended

complaint within 30 days from the date of entry of this order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).  If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action shall be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the motion for preliminary injunction (ECF No. 2) is denied.

**IT IS FURTHER ORDERED** that the motion to extend prison copy work limit (ECF No. 3) is denied.

**DATED** this 30th day of June, 2015.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE