1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                         DISTRICT OF NEVADA
8                                 * * *
9    MIGUEL MARTINEZ,                        Case No.  2:15-cv-01124-RFB-PAL
10                          Plaintiff,                        ORDER
11        v.
12   STATE OF NEVADA et al.,
13                          Defendants.
14

15        This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by

16   a state prisoner.  On July 1, 2015, this Court issued an order dismissing the complaint

17   with leave to amend and directed Plaintiff to file an amended complaint within thirty

18   days.  (Dkt. no. 4 at 7-8).  The thirty-day period has now expired, and Plaintiff has not

19   filed an amended complaint or otherwise responded to the Court's order.

20        District courts have the inherent power to control their dockets and "[i]n the

21   exercise of that power, they may impose sanctions including, where appropriate . . .

22   dismissal" of a case.  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829,

23   831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's

24   failure to prosecute an action, failure to obey a court order, or failure to comply with

25   local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for

26   noncompliance with local rule);  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

27   1992)  (dismissal for failure to comply with an order requiring amendment of complaint);

28   *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply

1   with local rule requiring *pro se* plaintiffs to keep court apprised of address);  *Malone v.*

2   *U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

3   with court order);  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal

4   for lack of prosecution and failure to comply with local rules).

5        In determining whether to dismiss an action for lack of prosecution, failure to

6   obey a court order, or failure to comply with local rules, the court must consider several

7   factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need

8   to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

9   favoring disposition of cases on their merits; and (5) the availability of less drastic

10   alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*,

11   833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

12        In the instant case, the Court finds that the first two factors, the public's interest in

13   expeditiously resolving this litigation and the Court's interest in managing the docket,

14   weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also

15   weighs in favor of dismissal, since a presumption of injury arises from the occurrence of

16   unreasonable delay in filing a pleading ordered by the court or prosecuting an action.

17   *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public

18   policy favoring disposition of cases on their merits – is greatly outweighed by the factors

19   in favor of dismissal discussed herein.  Finally, a court's warning to a party that his

20   failure to obey the court's order will result in dismissal satisfies the "consideration of

21   alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33;

22   *Henderson*, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file an amended

23   complaint within thirty days expressly stated: "IT IS FURTHER ORDERED that if

24   Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order,

25   this action shall be dismissed without prejudice." (Dkt. no. 4 at 8).  Thus, Plaintiff had

26   adequate warning that dismissal would result from his noncompliance with the Court's

27   order to file an amended complaint within thirty days.

28   . . .

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's July 1, 2015, order.

It is further ordered that the motion to proceed *in forma pauperis* (dkt. no. 1) is denied as moot.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS  29th day of January, 2016.


_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE